UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HENRY SPARKS,

                                     Petitioner,

       -vs-

SUPERINTENDENT HAROLD GRAHAM,

                                       Respondent.

**No. 6:18-cv-06840-MAT**
**DECISION AND ORDER**

_____

## I. Introduction

This is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Henry Sparks ("Sparks" or "Petitioner") challenging the judgment of conviction entered against him on June 7, 2007, in New York State, Monroe County Court (D'Amico, J.) following a guilty plea to one count of Robbery in the First Degree and one count of Assault in the Second Degree. For the reasons discussed below, the Court denies Petitioner's request for a writ of habeas corpus.

## II. Factual Background and Procedural History

In a thirteen-count indictment, an Erie County grand jury charged Sparks with three counts of Robbery in the First Degree (New York Penal Law ("P.L.") § 160.15[3]), four counts of Assault in the Second Degree (P.L. § 120.05[2]), Attempted Criminal Sexual Act in the First Degree (P.L. §§ 110/130.50[1]), Attempted Incest (P.L. §§ 110/255.25), Petit Larceny (P.L. § 155.25) and Grand

Larceny in the Fourth Degree (P.L. Law § 155.30[8]). The charges arose from Sparks' attack on his sister and her friend while he brandished a knife, a crowbar, and a two-by-four.

On January 22, 2007, Sparks appeared with counsel before Erie County Court Judge Michael D'Amico and pleaded guilty to first-degree robbery under count one and second-degree assault under count two, in full satisfaction of the indictment. Sparks was sentenced on June 7, 2007, as a persistent violent felony offender to 20 years to life on the robbery conviction and 12 years to life on the assault conviction, those sentences to run concurrently with each other.

Defense counsel filed a timely notice of appeal. On February 8, 2008, the Legal Aid Bureau of Buffalo, Inc. was assigned as appellate counsel. On July 8, 2008, appellate counsel Vincent Gugino, Esq. submitted a proposed Stipulation to the Record on Appeal for the prosecuting assistant district attorney's signature. Appellate counsel noted his intention to file a brief on Sparks' behalf on July 31, 2008.

Correspondence submitted by Sparks reveals that on July 11, 2008, his assigned appellate counsel sent him a letter asking whether Sparks "wish[ed] to proceed with the appeal" and have counsel file a brief asking the Appellate Division to vacate the guilty plea. Appellate counsel explained,

> If your guilty plea were vacated you would face the
> original charges and the possibility of a trial. If you

> were found guilty after trial, your [sic] would face a longer period of jail time, including possible consecutive sentences. I am aware that your present sentence of twenty years to life for robbery in the first degree and twelve years to life for assault in the second degree (the two sentences to be served concurrently) is already a very long sentence. But the judge correctly noted that these were the lowest sentences available for a persistent violent felony offender convicted of Class B and Class D violent felonies (*see* Penal Law § 70.08). If your present guilty plea was vacated, the prosecution is not required to offer you another plea bargain.

Letter, Docket No. 8, p. 10 of 14. Appellate counsel urged Sparks to "fully consider the possible risks presented to [him] if [he] were successful in this appeal." Appellate counsel asked Sparks to let him know how he wished to proceed. *Id.*

On July 18, 2008, in response to a letter from Sparks, appellate counsel wrote again and enclosed copies of the transcripts from the plea colloquy, motion argument, and sentencing hearing. *See* Letter, Docket No. 8, p. 11 of 14. Citing to pages in the plea transcript, appellate counsel pointed out that "Judge D'Amico mentioned capping the sentence at twenty years only if [Sparks] were *not* found to be a persistent violent felony offender" and "also explicitly state[d] that if [Sparks] were found to be a persistent violent felon, then [he] would be sentenced to an indeterminate sentence of twenty years to life." *Id.* (emphasis in original). Appellate counsel reminded Sparks that he "nonetheless still took the guilty plea, after [Judge D'Amico] told [Sparks] that, as a persistent violent felony offender, [he] would face

twenty to life[,] . . . the lowest possible legal sentence for a guilty plea to a Class B violent felony, as the judge also noted during the plea colloquy." *Id.*

Appellate counsel went on to observe that if trial counsel had explained the sentence differently to Sparks, "what he actually told [Sparks] does not appear on the record of the plea minutes or anywhere else." *Id.* In any event, appellate counsel explained, "what the judge actually told [Sparks] on the record about the sentence he would impose when he was taking [his] guilty plea is very relevant also and possibly even determinative of the issue here." *Id.* In closing, appellate counsel explained that in order to raise that issue that trial counsel had misled him about his possible sentence, Sparks would have to make a motion to vacate the judgment under New York Criminal Procedure Law ("C.P.L.") § 440.10. Appellate counsel informed Sparks that this issue could not "be raised on direct appeal because there is not enough of a record" and that appellate counsel's office could not represent him in a motion of that kind because it was only assigned to represent Sparks for his direct appeal. *Id.*

On August 27, 2008, appellate counsel submitted to the prosecutor a Stipulation of Discontinuance signed by Sparks and appellate counsel. The prosecutor signed the Stipulation and returned it to appellate counsel. By order entered September 11, 2008, the Appellate Division, Fourth Department, of New York State

Supreme Court ("Appellate Division") dismissed the appeal on the basis of the fully executed Stipulation of Discontinuance.

Nine years later, by motion dated September 27, 2018, Sparks filed an application for a writ of error *coram nobis* in the Appellate Division. Sparks asserted that he had been deprived of the effective assistance of appellate counsel due to counsel's filing of a stipulation of discontinuance instead of perfecting his appeal. The prosecutor filed an opposing affidavit, and Sparks filed a reply affidavit. The Appellate Division denied relief on December 5, 2017. Sparks filed an application for leave to appeal to the New York Court of Appeals, which was denied on March 22, 2018.

On August 29, 2018, Sparks commenced the instant habeas proceeding asserting that he was denied his Sixth Amendment right to effective assistance of appellate counsel based his alleged failure to understand the ramifications of the stipulation discontinuing his appeal. Respondent filed a response to the petition along with an opposition memorandum of law and the relevant state court records. Sparks filed a reply.

**III. Discussion**

**A. The Petition Is Untimely**

Respondent argues that the petition is untimely because it was filed more than a year from the date the judgment became final.

Respondent further contends that Sparks is not entitled to statutory or equitable tolling of the limitations period.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs the instant petition, requires that a federal habeas corpus petition be filed within one year of the date of several occurrences. 28 U.S.C. § 2244(d)(1)-(4). The applicable event in the present case is the date on which Sparks' state court conviction becomes final. 28 U.S.C. § 2244(d)(1). A conviction becomes final once "the judgment of conviction [has been] rendered, the availability of appeal exhausted, and the time for petition for *certiorari* . . . elapsed." *Teague v. Lane*, 489 U.S. 288, 295 (1989) (citation and internal quotation marks omitted).

"In general, the expiration of a habeas petitioner's time to seek direct review is governed by state rules of appellate procedure and the Supreme Court's rules governing petitions for *certiorari*." *Lue v. Marshall*, No. 08 CIV. 3834 DAB, 2014 WL 787327, at *8 (S.D.N.Y. Feb. 24, 2014). When a habeas petitioner fails to appeal the judgment against him to the intermediate appellate court, his conviction becomes final thirty days from the imposition of sentence, the point at which, under C.P.L. § 460.10(1)(a), the time to initiate a direct appeal expires. *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002) (citing N.Y. Crim. Proc. Law § 460.10(1)). When a habeas petitioner does appeal his conviction to the intermediate state appellate court but does not seek leave

to appeal an adverse decision by that court to the New York State Court of Appeals, the conviction becomes final thirty days from the Appellate Division's decision. *See* N.Y. Crim. Proc. Law § 460.10(5)(a) ("An appeal to the court of appeals from an order of an intermediate appellate court is taken as follows: (a) Within thirty days after service upon the appellant of a copy of the order sought to be appealed, the appellant must make application, pursuant to section 460.20, for a certificate granting leave to appeal to the court of appeals. . . ."). If a defendant seeks permission to appeal to the New York Court of Appeals but is denied leave, and does not then seek a writ of *certiorari* from the United States Supreme Court, the conviction becomes final ninety days after the denial of leave to appeal, at the expiration of the time to seek Supreme Court review. *McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir. 2003) (citing Sup. Ct. R. 13(1) ("A petition for a writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.")).

Here, Sparks filed a timely notice of appeal in the Appellate Division, but he then voluntarily elected to withdraw and discontinue his appeal. The Appellate Division dismissed Sparks' appeal on Thursday, September 11, 2008, pursuant to the stipulation executed by Sparks, his appellate counsel, and the prosecutor.

Sparks did not seek leave to appeal the Appellate Division's order of dismissal. This is a somewhat unusual course of events, raising a question as to whether the Appellate Division's order is appealable or nonappealable, i.e., whether it could be the subject of an application for leave to appeal to the New York Court of Appeals under C.P.L. § 450.90. *Lue*, 2014 WL 787327, at *10. The distinction is relevant to determining the date that the conviction became final. *Id.* at *9-*10. If the order is appealable, Sparks' conviction would become final thirty days after the Appellate Division's dismissal, at the expiration of time to seek leave to appeal to the Court of Appeals. *E.g.*, *Smalls v. Smith*, No. 05-CV-5182(CS), 2009 WL 2902516, at *5 (S.D.N.Y. Sept. 10, 2009) (citing N.Y. Crim. Proc. Law § 460.10(5)(a); other citations omitted); *Bethea*, 293 F.3d at 578 (stating that "the one-year limitations period began running on April 9, 1999, when Bethea's time for filing a notice of appeal from his judgment of conviction expired").

If, however, the Appellate Division's September 11, 2008 order is nonappealable, then Sparks would be entitled to a later date for determining the finality of his conviction. In such case, the Appellate Division would be "the state court of last resort" for purposes of Supreme Court Rule 13.1, *see Lue*, 2014 WL 787327, at *9 (citations omitted), and Sparks could have then requested a writ of *certiorari* from the Supreme Court. *Id.* (citations omitted). Thus,

Sparks' conviction would have become final at the expiration of time to seek a writ of *certioriari* from the Supreme Court to challenge that order, that is, ninety days after the September 11, 2008 order of dismissal, or on Monday, August 11, 2008. Sparks would have had one year from that date, or until August 11, 2009, barring any statutory or equitable tolling, to file his federal habeas petition.

Even giving Sparks the benefit of the later start-date of the statute of limitations (August 11, 2008), he did not file his habeas petition prior to the expiration of the one-year limitations period on August 11, 2009. Rather, as noted above, he filed it about nine years later, on August 29, 2018. Moreover, as discussed below, Sparks is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) or equitable tolling.

**B. Statutory and Equitable Tolling Are Unavailable**

With regard to statutory tolling, AEDPA provides that "the time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, a "properly filed application for State postconviction or other collateral review" that is filed *after* AEDPA's statute of limitations period has expired does not restart the limitations period or otherwise toll the period for filing a

habeas petition. *See Smith*, 208 F.3d at 15-17 ("We therefore hold that proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications [such as applications for writs of error *coram nobis*] are pending but does not reset the date from which the one-year state of limitations begins to run . . . ."). Sparks did not file his application for a writ of error *coram nobis* until several years after the limitations period expired on August 11, 2009. Thus, his time to file this action was not tolled by virtue of his *coram nobis* petition. *E.g.*, *Hilson v. Graham*, No. 117CV8861ERKHP, 2018 WL 7502304, at *3 (S.D.N.Y. July 25, 2018), *report and recommendation adopted*, No. 17CIV8861ERKHP, 2019 WL 1004183 (S.D.N.Y. Feb. 28, 2019).

Sparks also cannot avail himself of the doctrine of equitable tolling, which requires a showing that "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). As a general rule, habeas petitioners cannot rely on their *pro se* status, limited education, and ignorance of the law as "extraordinary circumstances." *See Francis v. Miller*, 198 F. Supp.2d 232, 235 (E.D.N.Y. 2002) (petitioner's assertions that "he has limited education, is ignorant of the law and legal procedure, lacked funds to hire another attorney, had limited access to legal assistance

that was available to prisoners, and was allowed limited use of the prison law library . . . are not extraordinary circumstances that warrant equitable tolling for the extended period of delay") (citing *Smith*, 208 F.3d at 16 (petitioner's *pro se* status does not merit equitable tolling); other citations omitted).

Sparks suggests in his reply that appellate counsel's "abandonment" of him during appellate proceedings constitutes "extraordinary circumstances." Sparks also contends that he acted with "reasonable diligence in pursuing redress of the constitutional error of appellate counsel." Even assuming, for purposes of argument only, that Sparks could show "extraordinary circumstances," he cannot demonstrate the second required element—that he acted with reasonable diligence throughout the period he seeks to have tolled. As Respondent points out, Sparks did not begin exhausting his ineffective assistance claim until September 27, 2018, over a decade after he stipulated to discontinuing his appeal. Sparks asserts that the Appellate Division's dismissal order of September 11, 2008, was a "state created impediment" preventing him from timely asserting his federal claims, but this is nonsensical. Given that his claim is based on the allegedly poor advice he received from appellate counsel about the decision to withdraw his appeal, Sparks could have initiated a *coram nobis* proceeding as soon as the Appellate Division issued its dismissal order in September 2008. Sparks

offers no reason why he could not have started exhaustion proceedings earlier, much less explain why he waited over a decade to do so.

In sum, Sparks' petition is clearly untimely under AEDPA, and he is not entitled to statutory tolling or equitable tolling of the limitations period. Accordingly, the Court need not address Respondent's alternative argument that the petition should be dismissed as meritless.

**IV. Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Sparks has failed to make a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated: July 9, 2019
Rochester, New York.